United States Courts
Southern District of Texas
FILED

SEP 2 2 2006

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHANMATTIE BROWN | § | CIVIL ACTION NO. H-06-2991 |
| VS. | § § § | (JURY) |
| HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE COURT:

COMES NOW, HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT, and files this its Notice of Removal and would respectfully show as follows:

### INTRODUCTION

1. Plaintiff, DHANMATTIE BROWN, filed suit in Cause No. 2005-81948 in the 215TH District Court of Harris County, Texas. Defendant, HOME DEPOT U.S.A., INC., was served with and first received notice of this suit on February 15, 2006, when Plaintiff served Defendant through CT Corporation System. Plaintiff's Original Petition did not seek a specific amount of damages, but Plaintiff's Second Amended Petition sought a maximum about of damages of $70,000.00. However, discovery has revealed that Plaintiff's claims are actually in excess of $75,000.00, therefore making the case removable. Defendant has timely filed this Notice of Removal within one year of the date when the action was originally filed required by 28 U.S.C. §1446(b), and within thirty (30) days after the Defendant received notice that the case was removable. *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 161 (5th Cir. 1992).

## NATURE OF THE SUIT

2. Plaintiff alleges that on April 16, 2004, DHANMATTIE BROWN, was injured while shopping in a Home Depot store when she slipped and fell in water that had been spilled on the floor, resulting in a fractured coccyx.

3. This is a liability action wherein Plaintiff alleges that DHANMATTIE BROWN, suffered serious and permanent bodily injuries as a direct result of the occurrence caused by Defendant's negligence in failing to maintain the premises in a safe condition and failing to warn of a dangerous condition.

## BASIS FOR REMOVAL

4. Removal is proper because there is complete diversity of citizenship between Plaintiff and Defendant. Plaintiff is a citizen of the State of Texas. Defendant is not a citizen of the State of Texas. Defendant, HOME DEPOT U.S.A., INC., is a Delaware Corporation and its principal place of business is in Atlanta, Georgia.

5. The amount in controversy exceeds $75,000.00 exclusive of interests, costs, and attorneys' fees.

## VENUE AND JURISDICTION

6. Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

7. This Court has jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1332 in that this is a case of diversity of citizenship between the parties with the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DEFENDANT'S NOTICE OF REMOVAL
## IS PROCEDURALLY CORRECT

8. All Defendants who have made an appearance join in the removal of this action.

9. Defendant has attached to this notice, all process, pleadings and orders served upon Defendant in the state court action as required by 28 U.S.C. §1446(a). (See attached Exhibit A).

10. Defendant has attached to this notice the documents as required by Local Rule CV-3(a).

## JURY DEMAND

11. Defendant, HOME DEPOT U.S.A., INC., makes demand for a jury trial in this Honorable Court.

## NOTICE TO STATE COURT

12. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the state court in which this action has been pending.

Respectfully submitted by,

A. SCOT CHASE
SBN 04148550

ATTORNEY-IN-CHARGE FOR DEFENDANT

OF COUNSEL:

MUNISTERI, SPROTT, RIGBY,
NEWSOM & ROBBINS, P.C.
3323 Richmond Avenue
Houston, Texas 77098
(713) 523-8338
FAX (713) 523-9422

## **CERTIFICATE OF SERVICE**

    A true and correct copy of the foregoing pleading was duly served upon all parties or their counsel of record by facsimile, messenger or by placing same in the United States Mail, postage prepaid, to the individuals listed below, on this ___22nd___ day of September 2006, and a true copy of said pleading was promptly filed in the office of the United States District Court for the Southern District of Texas – Houston Division together with this proof of service.

| | |
|---|---|
| Norman L. Straub<br>Mestemaker & Straub<br>3411 Richmond, Suite 750<br>Houston, TX 77046 | **VIA FAX (713) 626-8910** |



A. SCOT CHASE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHANMATTIE BROWN | § § | CIVIL ACTION NO. _____ |
| VS. | § § | (JURY) |
| HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT | § § § | |

## INDEX OF MATTERS BEING FILED

TO:  THE CLERK OF THE SOUTHERN DISTRICT COURT OF TEXAS, HOUSTON DIVISION

Pursuant to Rule 81 of the Local Rules of the Southern District of Texas, Defendant, HOME DEPOT U.S.A., INC., attaches this Index of Matters Being Filed to their Notice of Removal.

1.  Plaintiff's Original Petition from State Court Action

2.  Defendant's Original Answer from State Court Action

3.  Plaintiff's Second Amended Petition from State Court Action

4.  Docket Sheet from State Court Action

5.  List of Counsel of Record

NO. 2005-81948

| | | |
|---|---|---|
| DANNATTIE BROWN<br>Plaintiff. | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | HARRIS COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC., D/B/A<br>THE HOME DEPOT<br>Defendant, | § § § | 215TH JUDICIAL DISTRICT |

**PLAINTIFF'S FIRST AMENDED PETITION AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DANNATTIE BROWN, Plaintiff, complaining of HOME DEPOT U.S.A., INC., D/B/A THE HOME DEPOT, Defendant, and for cause would show unto the Court as follows:

I.

DISCOVERY CONTROL PLAN

1.1  Pursuant to the Texas Rules of Civil Procedure, Rule 190.1, Plaintiff states that the litigation of this case will be controlled by Level 2 discovery.

II.

PARTIES

2.1  Plaintiff, DANNATTIE BROWN, is a resident of Harris County, Texas.

2.2  Defendant, HOME DEPOT U.S.A., INC., D/B/A THE HOME DEPOT, is a corporation doing business in Harris County, Texas and may be served with citation through their registered agent, C.T. Corporation Systems, 350 N. St. Paul Street, Dallas, Texas 75201.

III.

JURISDICTION AND VENUE

3.1  Jurisdiction is consistent with the damages sought by Plaintiff.

-1-

3.2     Venue is proper pursuant to subsection 15.001 of the Texas Civil Practice and Remedies Code.

IV.

FACTS

4.1     On April 16, 2004, Plaintiff was a customer in the Home Depot store located at 6850 S. Fry Road, Katy Texas, 77494. Plaintiff was walking through the store, when she slipped and fell on a puddle of water that had accumulated on the floor. Plaintiff was not offered help by store employees, however an EMT did assist the Plaintiff in getting up and leaving the store. Plaintiff went directly to her physician's office where she was x-rayed and diagnosed with a broken tail bone among other injuries. Plaintiff returned to the store to file a complaint with store management. Since that time, Plaintiff has further been diagnosed with additional injuries related to the fall

4.2     As a result of this dangerous condition Plaintiff suffered serious injuries to her person.

V.

THEORIES OF RECOVERY

5.1     All theories of recovery, which complain of Defendant, were a proximate cause, or alternatively, a producing cause, of Plaintiff's injuries.

NEGLIGENCE:

5.1     Defendant had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting the property for any dangerous conditions and by making safe any latent defects or making safe any latent defects.

5.2     Defendant breached this duty by failing to keep the area safe for pedestrian traffic.

5.3     As a result of Defendant's breach, Plaintiff suffered damages.

5.4     Plaintiff's damages were proximately caused by Defendant's breach.

-2-

PREMISES LIABILITY:

5.5     Plaintiff was an invitee in the Defendant's store.

5.6     The puddle of water that had been left, without being mopped or cleaned created an unreasonable risk of harm to the Plaintiff.

5.7     The Defendant should have known about the risk of injury from standing water but neither warned the Plaintiff or made the area safe for Plaintiff.

5.8     It was this breach of their duty to warn or make safe, which was the proximate cause of the Plaintiff's injuries.

VI.

DAMAGES

6.1     As a direct result of the negligent acts and omissions of the Defendant, Plaintiff has suffered, and will suffer, numerous and serious injuries, including, but not limited to, past and future pain and suffering, past and future mental anguish, past and future medical expenses, past and future loss of enjoyment of life, and past lost wages and future lost wages.

6.2     Plaintiff sues for actual and special damages. However, Plaintiff reserves her right to introduce at trial amendment to conform to the evidence adduced at trial and determined by the judge to fairly compensate Plaintiff for his damages.

VII.

COURT COSTS

7.1     Plaintiff requests that she recover from the Defendant all costs incurred pursuant to Rule 131, TEX.R.CIV.P.

VIII.

PRE- AND POST-JUDGMENT INTEREST

8.1     Plaintiff requests that she be granted pre-judgment interest at the maximum rate allowed by law per year, commencing on the 30th day from and after the sum is due and payable, until date of judgment; together with post-judgment interest at the maximum rate allowed by law from date of judgment until the judgment has been paid in full.

IX.

## CONDITIONS PRECEDENT

9.1     All conditions precedent to Plaintiff's right to bring this action and to recover her damages and to Defendant's liability have been performed or have occurred.

X.

## ADOPTION BY REFERENCE

10.1    Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiff his maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

XI.

## MAXIMUM RECOVERY SOUGHT

11.1    Pursuant to the Texas Rules of Civil Procedure, Rule 47, Plaintiff seeks a maximum recovery from Defendant in this matter in the amount of $70,000.00.

XII.

## REQUEST FOR DISCLOSURE

-4-

12.1 Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff requests that Defendant disclose within fifty (50) days of service of this request, the information or material described in Rule 194.2.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DANNATTIE BROWN, prays that Defendant, HOME DEPOT U.S.A., INC., D/B/A THE HOME DEPOT, be cited to appear and answer herein; that Plaintiff be awarded actual and special damages in a sum to be specified by the trier of fact; that Plaintiff be awarded expenses and costs of court; that Plaintiff be granted pre- and post-judgment interest as provided by law; and that Plaintiff receive such other and further relief, general or special, legal or equitable, to which she may be justly entitled.

Respectfully submitted,

MESTEMAKER & STRAUB

by: _____
Norman L. Straub
TBN 00793002
Richmond Tower
3411 Richmond Ave., Suite 750
Houston, Texas 77046
(713) 626-8900 Telephone
(713) 626-8910 Telecopier

ATTORNEYS FOR PLAINTIFF

CAUSE NO. 2005-81948

| | | |
|---|---|---|
| DANNATTIE BROWN | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, T E X A S |
| | § | |
| HOME DEPOT U.S.A., INC. | § | |
| d/b/a HOME DEPOT | § | 215TH   JUDICIAL   DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT, Defendant in the above-entitled and numbered cause and files this its Original Answer to Plaintiff's Original Petition, and in support thereof, would respectfully show unto the Court the following:

I.

Subject to such admissions and stipulations as may hereafter be made, Defendant denies generally the allegations contained in Plaintiff's Original Petition, and calls upon the Plaintiff to prove such allegations by a fair preponderance of the evidence, as required by the Constitution and Laws of the State of Texas.

II.

Defendant hereby demands a trial by jury, the fee for which is being tendered herewith.

WHEREFORE, PREMISES CONSIDERED, Defendant, HOME DEPOT U.S.A., INC. d/b/a HOME DEPOT, prays for judgment that Plaintiff takes nothing by reason of this suit, that Defendant recover its costs, and for such other and further relief to which Defendant may be justly entitled.

Respectfully submitted,

MUNISTERI, SPROTT, RIGBY,
NEWSOM & ROBBINS, P.C.

By: _____
A. SCOT CHASE
SBN 04148550
3323 Richmond Avenue
Houston, Texas 77098
(713) 523-8336
FAX (713) 523-9422

**ATTORNEYS FOR DEFENDANT,
HOME DEPOT U.S.A., INC.
d/b/a HOME DEPOT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been served upon all counsel of record pursuant to Rule 21a, Tex. R. Civ. P., on this 8TH day of March 2006.

Norman L. Straub                                                   **VIA FAX (713) 993-0699**
Mestemaker & Straub
3411 Richmond, Suite 750
Houston, TX 77046

_____
A. SCOT CHASE

2

NO. 2005-81948

| | | |
|---|---|---|
| DHANMATTIE BROWN<br>Plaintiff. | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | HARRIS COUNTY, TEXAS |
| HOME DEPOT U.S.A., INC., D/B/A<br>THE HOME DEPOT<br>Defendant, | §<br>§<br>§<br>§ | 215TH JUDICIAL DISTRICT |

### PLAINTIFF'S SECOND AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, DHANMATTIE BROWN, Plaintiff, complaining of HOME DEPOT U.S.A., INC., D/B/A THE HOME DEPOT, Defendant, and for cause would show unto the Court as follows:

I.

### DISCOVERY CONTROL PLAN

1.1   Pursuant to the Texas Rules of Civil Procedure, Rule 190.1, Plaintiff states that the litigation of this case will be controlled by Level 2 discovery.

II.

### PARTIES

2.1   Plaintiff, DHANMATTIE BROWN, is a resident of Harris County, Texas.

2.2   Defendant, HOME DEPOT U.S.A., INC., D/B/A THE HOME DEPOT, is a corporation doing business in Harris County, Texas and has already been served and answered.

III.

### JURISDICTION AND VENUE

3.1   Jurisdiction is consistent with the damages sought by Plaintiff.

3.2    Venue is proper pursuant to subsection 15.001 of the Texas Civil Practice and Remedies Code.

IV.

FACTS

4.1    On April 16, 2004, Plaintiff was a customer in the Home Depot store located at 6850 S. Fry Road, Katy Texas, 77494. Plaintiff was walking through the store, when she slipped and fell on a puddle of water that had accumulated on the floor. Plaintiff was not offered help by store employees, however an EMT did assist the Plaintiff in getting up and leaving the store. Plaintiff went directly to her physician's office where she was x-rayed and diagnosed with a broken tail bone among other injuries. Plaintiff returned to the store to file a complaint with store management. Since that time, Plaintiff has further been diagnosed with additional injuries related to the fall

4.2    As a result of this dangerous condition Plaintiff suffered serious injuries to her person.

V.

THEORIES OF RECOVERY

5.1    All theories of recovery, which complain of Defendant, were a proximate cause, or alternatively, a producing cause, of Plaintiff's injuries.

NEGLIGENCE:

5.1    Defendant had a duty to use ordinary care in maintaining the premises in a safe condition by inspecting the property for any dangerous conditions and by making safe any latent defects or making safe any latent defects.

5.2    Defendant breached this duty by failing to keep the area safe for pedestrian traffic.

5.3    As a result of Defendant's breach, Plaintiff suffered damages.

5.4    Plaintiff's damages were proximately caused by Defendant's breach.

-2-

PREMISES LIABILITY:

5.5     Plaintiff was an invitee in the Defendant's store.

5.6     The puddle of water that had been left, without being mopped or cleaned created an unreasonable risk of harm to the Plaintiff.

5.7     The Defendant should have known about the risk of injury from standing water but neither warned the Plaintiff or made the area safe for Plaintiff.

5.8     It was this breach of their duty to warn or make safe, which was the proximate cause of the Plaintiff's injuries.

VI.

DAMAGES

6.1     As a direct result of the negligent acts and omissions of the Defendant, Plaintiff has suffered, and will suffer, numerous and serious injuries, including, but not limited to, past and future pain and suffering, past and future mental anguish, past and future medical expenses, past and future loss of enjoyment of life, past lost wages, future lost wages, and loss of earning capacity.

6.2     Plaintiff sues for actual and special damages. However, Plaintiff reserves her right to introduce at trial amendment to conform to the evidence adduced at trial and determined by the judge to fairly compensate Plaintiff for his damages.

VII.

COURT COSTS

7.1     Plaintiff requests that she recover from the Defendant all costs incurred pursuant to Rule 131, TEX.R.CIV.P.

VIII.

PRE- AND POST-JUDGMENT INTEREST

-3-

8.1 Plaintiff requests that she be granted pre-judgment interest at the maximum rate allowed by law per year, commencing on the 30th day from and after the sum is due and payable, until date of judgment; together with post-judgment interest at the maximum rate allowed by law from date of judgment until the judgment has been paid in full.

## IX.

### CONDITIONS PRECEDENT

9.1 All conditions precedent to Plaintiff's right to bring this action and to recover her damages and to Defendant's liability have been performed or have occurred.

## X.

### ADOPTION BY REFERENCE

10.1 Except as otherwise expressly set forth or implied by context, all statements set forth in each paragraph of this pleading are adopted by reference and incorporated into each and every other section and paragraph of this pleading to afford Plaintiff his maximum recovery for relief and for purposes of providing fair notice of Plaintiff's allegations.

## XI.

### MAXIMUM RECOVERY SOUGHT

11.1 Pursuant to the Texas Rules of Civil Procedure, Rule 47, Plaintiff seeks a maximum recovery from Defendant in this matter in the amount of $70,000.00.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, DHANMATTIE BROWN, prays that Defendant, HOME DEPOT U.S.A., INC., D/B/A THE HOME DEPOT, be cited to appear and answer herein; that Plaintiff be awarded actual and special damages in a sum to be specified by the trier of fact; that Plaintiff be awarded expenses and costs of court; that Plaintiff be granted pre- and

post-judgment interest as provided by law; and that Plaintiff receive such other and further relief, general or special, legal or equitable, to which she may be justly entitled.

Respectfully submitted:

MESTEMAKER & STRAUB

by: _____
Norman L. Straub
TBN 00793002
Richmond Tower
3411 Richmond Ave., Suite 750
Houston, Texas 77046
(713) 626-8900 Telephone
(713) 626-8910 Telecopier

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served Defendant's counsel of record in compliance with Rule 21a, TEX.R.CIV.P., on this 31 day of March, 2006.

_____
Norman L. Straub

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DHANMATTIE BROWN | § § § | **H-06-2991**<br>CIVIL ACTION NO. _____ |
| VS. | § | (JURY) |
| | § | |
| HOME DEPOT U.S.A., INC.<br>d/b/a HOME DEPOT | § § | |

## LIST OF COUNSEL OF RECORD

TO: THE CLERK OF THE SOUTHERN DISTRICT COURT OF TEXAS, HOUSTON DIVISION.

Pursuant to the Local Rules of the Southern District of Texas, Rule 81(6),

Defendant, HOME DEPOT U.S.A., INC., files this List of Counsel of Record:

1. Norman L. Straub
   Mestemaker & Straub
   3411 Richmond Ave., Suite 750
   Houston, TX  77046
   (713) 626-8900
   FAX (713) 626-8910
   E-Mail: *nls@mestemakerstraub.com*

   Mr. Straub is counsel for Plaintiff, DHANMATTIE BROWN.

2. A. Scot Chase
   MUNISTERI, SPROTT, RIGBY,
   NEWSOM & ROBBINS, P.C.
   3323 Richmond Avenue
   Houston, Texas 77098
   (713) 523-8338
   FAX (713) 523-9422
   E-Mail: *chase@msrnr.net*

   Mr. Chase is counsel for Defendant, HOME DEPOT, U.S.A., INC.

Respectfully Submitted,

By: ___/s/ A. Scot Chase___
A. SCOT CHASE
SBN 04148550

ATTORNEY-IN-CHARGE FOR DEFENDANT

OF COUNSEL:

MUNISTERI, SPROTT, RIGBY,
NEWSOM & ROBBINS, P.C.
3323 Richmond Avenue
Houston, Texas 77098
(713) 523-8338
FAX (713) 523-9422

## CERTIFICATE OF SERVICE

     A true and correct copy of the above and foregoing pleading was duly served upon all parties or their counsel of record by facsimile, messenger or by placing same in the United States Mail, postage prepaid, properly addressed to the individuals listed below, on this 22nd day of September 2006, and a true copy of said pleading was promptly filed in the office of the United States District Court for the Southern District of Texas – Houston Division together with this proof of service.

Norman L. Straub                                           **VIA FAX (713) 626-8910**
Mestemaker & Straub
3411 Richmond, Suite 750
Houston, TX  77046

_____
A. SCOT CHASE